THOMAS HOVEY, *Adm'r, versus* HORATIO PAGE.

An action for an alleged breach of promise of marriage, when no special damage is alleged in the writ, does not survive in behalf of the promisee.

An allegation of special damage, which would cause the action to survive, must be of damage to the property and not to the person merely, and such as would be sufficient of itself to sustain a suit.

An allegation that, after such alleged promise of marriage, the deceased promisee had a child born to her out of wedlock, now living, and that the promisor is the father of such child, if proved, would only increase the damages on the ground of injury to the character and not to the estate.

Nor does such action come within the provisions of R. S., c. 87, § 8.

Hovey *v.* Page.

ON REPORT.

ASSUMPSIT, to recover damages for an alleged breach of promise to marry. The action was commenced by the plaintiff's intestate, in her lifetime; but, she having deceased, it is now being prosecuted by her administrator. The defendant contended that the action did not survive.

The plaintiff offered to prove that, in 1851, the defendant (then residing in the west) was in the habit of visiting the deceased and corresponding with her for many years, together with other facts tending to show the promise and its breach by the defendant.

The plaintiff also offered to prove that, after such alleged promise, the deceased had a child born to her out of wedlock, now living; that the child was begotten in Hallowell, and that the defendant was the father of the child; that the defendant is possessed of a large amount of property in the city of St. Louis, where he now lives and has lived for many years past, and since said child was begotten.

The defendant contended that evidence of the facts contained in the latter offer was inadmissible. And thereupon the action was "continued on report," with the agreement that, if upon so much of the foregoing evidence as may be admissible, the full Court should be of the opinion that the action survived, the case was to stand for trial; otherwise, a nonsuit was to be ordered.

*A. G. Stinchfield,* for the plaintiff, cited 2 Greenl. on Ev., 268 to 273; 4 Pet., 172–182; R. S., c. 97, §§ 8 and 9; *Paine* v. *Ulmer,* 7 Mass., 317, n. 3; *Le'and* v. *Stone,* 10 Mass., 462; *Baxter* v. *Bradbury,* 20 Maine, 262.

*L. Clay,* for the defendant, in addition to the cases referred to by the Court, cited Ch tty on Cont., 159–60; *Chamberlain, Adm'r,* v. *Williamson,* 2 M. & S., 408; Addison on Cont., 677; *Lattimore* v. *Simmons,* 13 S. & R., 183; Pars. on Cont., 552–3.

DANFORTH, J. — This action was commenced by the plaintiff's intestate in her lifetime, and is for an alleged breach of promise of marriage. That such an action does not survive at common law, without an allegation of special damage, is well settled. *Stebbins* v. *Palmer*, 1 Pick., 70; *Smith* v. *Sherman*, 4 Cush., 408. Nor does it come within the provisions of R. S., c. 87, § 8. In this case, no special damage is alleged, but there is an offer to prove, for which the same effect is claimed, "that, after such alleged promise, the deceased had a child born to her out of wedlock, now living, and that the defendant is the father of the child." It is not necessary now to decide whether such testimony, with or without an amendment of the declaration, would be admissible; for we are of the opinion that, if the facts stated in the offer were proved, there would not be such special damage as to authorize the prosecution of the suit. In order to do so, it must be such as to affect the property and not such as is purely personal. The distinction between actions which do not survive, and those which do, is, that the former are to recover damages to the person only and the latter damages to the property. If any others survive it is by virtue of statutory provisions. Hence, the allegation of special damage which would cause the action to survive, must be of damage to the property, and such as would be sufficient of itself to sustain a suit.

That such was the understanding of the Court in *Stebbins* v. *Palmer*, is evident from the last sentence in the opinion, by which it is left in doubt whether, in case the action survives, the plaintiff would recover any more than the damage to the property. In *Smith* v. *Sherman*, it is held, "that it must be some damage of such a character, that it might be given in evidence, to aggravate the damage in one action, or be itself the substantive cause of action, as in trespass *quare clausum*, and conveying away the plaintiff's goods." As a matter of principle, it is evident that the effect of proof offered for the purpose of aggravating the damage, or to sustain special damage, could not be greater than if offered

in a separate action, for that which is merely incidental to the principal thing must fall when the principal falls,—and that which would not of itself sustain an action would not cause one to survive which would otherwise abate. Now the testimony offered and relied upon in this case, if admissible, would increase the damages only on the ground of injury to the character and not to the estate; nor would it of itself sustain an action, for, if seduction is relied upon, the plaintiff's intestate, if living, would have no legal cause of complaint. *Paul* v. *Frazier*, 3 Mass., 71. If the expense of supporting the child is relied upon, the only remedy is that provided by statute. 2 Kent's Com., 215.

*Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and TAPLEY, JJ., concurred.